The State v. Studer.

---

No. 25,213.

THE STATE OF KANSAS, *Appellee* v. J. STUDER, *Appellant.*

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Manslaughter—Confusion in Filing of Informations—Trial on First Amended Information—No Reversible Error in the Record.* In a prosecution for manslaughter where an amended information had been filed and a copy thereof served upon the defendant, and which it was claimed had been previously quashed, another amended information was filed by mistake, charging defendant with a wholly different criminal act for which another person was being prosecuted. These prosecutions were proceeding through the court at the same time and preliminary questions in the cases had been decided in a division of the court other than the one where the trial was had. There were entries in the record tending to show that the first amended information had been quashed and some conflict in the evidence as to whether it had been quashed. On the whole evidence, the trial court determined that it had not been quashed, struck the second amended information mistakenly filed from the records and proceeded with the trial of the defendant on the first amended information after offering the defendant the opportunity to impanel another jury, of which offer defendant did not avail himself, whereupon the jury were resworn to try the case on the first amended information and the trial resulted in a conviction, *held,* that the trial of defendant on the first amended information does not constitute a ground of reversal.

2. SAME. The refusal of an oral request for a continuance where no grounds for such an order were alleged or shown, is not error.

3. SAME. The evidence examined and held to be sufficient to sustain the conviction.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed March 8, 1924. Affirmed.

*Robert C. Foulston, A. M. Ebright, George Siefkin,* and *S. L. Foulston,* all of Wichita, for the appellant.

*C. B. Griffith,* attorney-general, *W. A. Blake,* county attorney, *H. C. Castor* and *J. W. Wood,* deputy county attorneys, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: J. Studer was convicted of manslaughter resulting from the negligent operation of an automobile bus in Wichita, by which Iva Lattin was killed. He appeals.

He was prosecuted on an information filed October 9, 1922, which he insists had been quashed. The original information was filed September 29, 1922, and a motion to quash the same was filed October 3, 1922. No entry of the order made on this motion is found in the record but it appears that an amended information was filed on October 9, 1922, presumably with the permission of the court, charging substantially the same offense as was set forth in the original information. A copy of this information was served on counsel for the defendant. Later and on October 13, 1922, there was placed in the files another amended information purporting to charge the defendant with the negligent killing of George Howard Craig. A copy of this information was also served upon counsel for defendant. When the case was called for trial and the jury impaneled, an opening statement was made by the county attorney to the effect that defendant was charged with, and a conviction asked for, the negligent killing of Iva Lattin at a stated time and place; and when a question was asked of a witness counsel for defendant objected to the introduction of evidence upon the ground that the information containing that charge had been quashed, and the last and only information extant charged the defendant with the killing of George Howard Craig and not with the death of Iva Lattin. Preliminary inquiry was then had and the attorney for the state testified that about the time that the prosecution was begun against defendant for the killing of Iva Lattin, one Betty DuBoise was charged with the killing of George Howard Craig, that the former county attorney must have filed the information of October 13 by mistake, charging defendant with the killing of Craig. The former county attorney was called and testified that through some confusion the information was filed erroneously. Upon the motion of the state the amended information filed October 13, 1922, was stricken from the files of the case and the state proceeded to try the defendant on the in-

formation filed October 9, 1922, which defendant insisted had been quashed by the judge of another division on October 11, 1922. On the arraignment the defendant pleaded not guilty and his attorney announced that he stood mute. The jury impaneled was resworn and the trial of the case proceeded over the objection of the defendant. At the close of the state's evidence, the defendant moved for a discharge on the ground that he was being prosecuted when no information was on file against him and at that time the attorney for the defendant produced and read from the trial docket of the other division of the court a notation that:

"The defendant given leave to file a motion to be heard October 11th. Motion to quash sustained. Amend by October 14th."

The court thereupon remarked that the only motion to quash that seemed to have been filed was filed October 3, and he concluded that the information of October 9 had not been quashed. Thereafter the notes of the reporter of the proceedings on October 11, 1922, for the other division of the court, were read showing a motion to quash sustained, the state given leave to file an amended information by the 14th of October, and the defendant given leave to file a motion to quash or a plea in abatement by the 17th of October, and the motion or plea set for hearing on October 20.

Upon the testimony given the defendant renewed his motion for his discharge on the ground that he was not charged with any crime in any information now on file. This motion was overruled. A preliminary examination had been given the defendant and it had been held that there were reasonable grounds for believing that a crime of fourth degree manslaughter had been committed by him in the killing of Iva Lattin on July 13, 1921. It is admitted that defendant received a copy of the amended information of October 9, 1922, charging him with the killing of Iva Lattin and it appears that the information of October 9 was read to the jury at the opening of the trial. It appears also that the attorney then representing the state was without knowledge that the information filed October 13, 1922, was in the records and it also shows that notice of this erroneous information had been served upon defendant more than two months prior to the commencement of the trial.

Errors are assigned on the overruling of the motions to discharge the defendant, also in allowing the second amended information to be stricken from the files, and further that the court erred in refusing to continue the cause.

Before commencing the trial the court gave the defendant the right to reimpanel the jury but he declined to accept or reject the offer and renewed his motion for his discharge which the court overruled. The principal question in the appeal is whether the information of October 9 had been quashed and whether the defendant was materially prejudiced in his trial upon that information. The confusion in the filings and proceedings doubtless arose from the prosecution of two cases of a similar character about the same time. This is shown by the information filed on October 13, charging the defendant with the killing of Craig, an offense alleged in the other prosecution, charged to have been committed by Betty DuBoise. There is considerable testimony tending to show that the information of October 9 was quashed in another division of the court, but the trial court on the whole testimony determined that that information had not been quashed and it was the province of the court to settle any dispute in the evidence upon that question. Granting, however, that most of the evidence sustained the contention of the defendant, it was manifest that the information of October 13 was erroneously filed and this error was as apparent to the defendant as to the prosecution. Instead of calling attention to the defect the defendant waited until the jury was impaneled, the information of October 9 read by the county attorney and a witness sworn before the objection was made that a later information had been filed. He could not have been surprised by the erroneously filed information of October 13, as it had been served upon him months before the case was called for trial and the error was manifest. The information upon which he was tried made a specific and proper charge, it was read to the jury in his presence and he pleaded not guilty to the charge therein made. An opportunity was given him to have a jury impaneled to try him for the offense alleged in that information, but he chose not to avail himself of the opportunity and went to trial still contending that he could only be tried on the erroneously filed information which the court had stricken from the files. The court might have had the mistake corrected by requiring a verification and refiling of the information of October 9, but the course pursued was substantially the equivalent of the verification and refiling of that information. The defendant was fully informed of the charge made against him in the preliminary examination as well as in the information filed October 9, and it can be said that he suffered no prejudice from the trial given him on the information to

which he pleaded and on which he was tried. The court is admonished to give judgment without regard to technical errors which do not affect the substantial rights of the parties. (R. S. 62-1718.) The record shows that a request for a continuance was made but no grounds or reasons for it were assigned or shown to the court. One who applies for a continuance must show the necessity for it and how he would be prejudiced by a denial of his motion. The defendant did no more than to make an unsupported oral request for a continuance and hence the court had no opportunity to determine whether a continuance was necessary to a proper defense and it must be held that the court did not abuse its discretion in denying the unsupported request.

Criticisms are made of the instructions given the jury, but we discover nothing in them approaching material error. The sufficiency of the evidence, though questioned, appears to be ample to uphold the verdict.

Judgment affirmed.